**FILED**

**Sep 09, 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

William Bates
(Name of Plaintiff)
+ P.O.BOX 290066  CSP-SAC
(Address of Plaintiff)
+ RepReSA, CA. 95671

vs.

Chad Dasling, Joshua
Bullard, Condon, B.
Maloney, D. Hobart, G. Stohr
(Names of Defendants) T. Lee
John Doe, Jane Doe, Jane Doe nurse.
Jeff Lynch

2:21-cv-01613 KJN
(Case Number)

COMPLAINT

I. Previous Lawsuits:

    A. Have you brought any other lawsuits while a prisoner:  ☐ Yes  ☒ No

    B. If your answer to A is yes, how many?: _N/A_ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

    1. Parties to this previous lawsuit:

      Plaintiff _N/A_

      Defendants _N/A_

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983    Rev'd 5/99

1

√ 2.  Court (if Federal Court, give name of District; if State Court, give name of County)

_____ N/A _____

√ 3.  Docket Number _____ N/A _____

√ 4.  Name of judge to whom case was assigned ___ N/A ___

√ 5.  Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

_____ N/A _____

√ 6.  Approximate date of filing lawsuit _____

√ 7.  Approximate date of disposition _____ N/A _____

II.  Exhaustion of Administrative Remedies

A.  Is there a grievance procedure available at your institution?   ☑ Yes   ☐ No

B.  Have you filed a grievance concerning the facts relating to this complaint?   ☑ Yes   ☐ No

If your answer is no, explain why not _____

_____

C.  Is the grievance process completed?   ☑ Yes   ☐ No

III.  Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.  Defendant _Chad C. Darling_ is employed as _Sergeant_ at _CSP- Sacramento_

B.  Additional defendants _Joshua Bullard, Lieutenant, Brenna Maloney, Sergeant, D. Condon, Officer, D. Hobart, Lieutenant, G. Stuhr, officer 3 John Does (1)-(2)-(3), 2 Jane Doe nurses (1)-(2) Jane Does 4, (1)-(2)-(3)-(4) officers T. Lee Examiner. Jeff Lynch-Warden._

# EXCESSIVE FORCE

1. C. Darling, Sergeant -
2. on 9-12-2019 around 10:30 a.m.
3. a riot erupted. I was not involved.
4. I explained that to him, but he assist
5. I need to cuff up in the back. I showed
6. him my waist chain chrono and he still had
7. dis regarded me by saying "Oh Nigger you head
8. cuffing" as he started slamming me head
9. first causing Intense pain with crucial pain
10. to shoulder for being cuffed from the back
11. and the slam.
12.
13. Condon D ... he partook in racial comments
14. on 9-12-19 he partook in slamming me with
15. as he assisted in slamming me with
16. Darling, than lied about it to cover up
17. a racially Motivated attack.
18.                    Failure to Intervene
19. B. Maloney and G. Stuhr observed all
20. the racial slurs and unnecessary use of
21. force. they few could of stated stop or
22. he has a chrono. They let staff (Darling,
23. D. Condon) make threats prior to using
24. UACO force so by that the they could
25. of at least told others to leave and
26. that they'll do ex escort.
27. T. Lee continue to not protect me by allowing
28. staff to use illegal force, and J.Lynch condonin
29. if T. Lee, J.Lynch do there job it want be illegal forc

— 3 —

Deliberate Indifference / Atypical Hardship

1. Darling actions of ignoring waist chain
2. Chrono caused a undue burden of pain
3. ongoing since 2019 to now almost 2yrs
4. later.
5.
6. Hobart
7. by him not properly investigating my 602
8. complaint he not only cause pain in
9. Suffering but knew misconduct took place
10. by him threatening me.
11.
12. Maloney, Lynch, Condon, T.Lee and Stuhr
13. has been trained how to deal with
14. excessive force / medical. They chose
15. not to follow policy by covering up prison
16. brutality and creating a 2yr hardship of
17. pain.
18.
19.               Emotional Injury
20. I have flashbacks of 9.12.2019
21. incident, I tried killing myself
22. many times and hear voices. Ive
23. been telling Doctors but no
24. one is helping.
25.

— 4 —

IV.    Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is
involved, including dates and places.  Do not give any legal arguments or cite any cases or
statutes.  Attach extra sheets if necessary.)   Retaliation

J. Bullard stated to me that if I keep my mouth
shot the 115 will disappear, on or about 9.5.19–
9.25.19... D. Hobart also made threats of harm
while at Sac, dates unknown but after claim... C.—
Darling slam me with others using racial slurs such
as your nigger as was not complaining a minute
ago your as ⁱⁿ grass nigger or words to that effect,
John John Doe(1) John Doe(2) and Co. Stuhr
told me am a dead nigger walking and they'll
have me killed if I ceaz reporting claim and claims

V. Relief.  My medical chrono of no cuffs in Back,
By getting me stabbed and set up so Tower can shot me.
(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite
no cases or statutes.)

Hold all accountable punitively 38,000.⁰⁰ each
or released early from prison with acceptable
funds.

Signed this 6ᵀᴴ day of  September , 20 21 .

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

9·6·21
_____                        _____
(Date)                                  (Signature of Plaintiff)

5

3

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                                                           GAVIN NEWSOM, GOVERNOR

**OFFICE OF APPEALS**
P. O. BOX 942883
SACRAMENTO, CA 94283-0001



# OFFICE OF APPEALS (THIRD LEVEL) DECISION

**MAY 1 3 2020**

In re: Bates, William F77476                                     TLR Case No.: 2002525
CSP-SAC                                                          Local Log No.: SAC-19-3929


## I. ISSUE ON APPEAL:

It is the appellant's position that on September 12, 2019, two Correctional Sergeant's (Sgt.) and several Correctional Officers (CO) approached the appellant following a riot. The appellant contends to informing them that the appellant was not involved; however, they ignored the appellant and ignored the appellant's "waist chain chrono" placing the appellant into handcuffs. The appellant asserts the "officer" became "hostile" and the "Sergeant" slammed the appellant into the wall, then to the ground head first while making racist and derogatory comments. The appellant states the results of the excessive force has cause force. The appellant requests monetary damages.

## II. RULES AND REFERENCES:

### A.  CONTROLLING AUTHORITY:

- California Penal Code Section: 832.5, 832.7, 832.8
- California Code of Regulations, Title 15, Section: 3000, 3001, 3004, 3084.1, 3270, 3380, 3391
- CDCR Operations Manual, Section: 54100.25.2

### B.  DOCUMENTS CONSIDERED:

- Appeal log #2002525 and the associated attachments

## III. REASONING AND DECISION: GRANTED IN PART

Upon review of the documentation submitted, the examiner finds that the appellant's allegations were reviewed and evaluated by administrative staff. The examiner notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the institution informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant that staff did not violate policy as alleged. The examiner reviewed the supporting documents and is unable to support the institutions conclusion that staff did not violate policy. As written in the appeal, during the alleged use of force, the staff member "...slammed me into the wall and head first to the ground while making racist and derogatory comments." While it appears the alleged use of force was addressed and reviewed, the allegations of unprofessional comments were not addressed. Therefore, remedy is warranted.

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that the appeal at the Third Level of Review is **GRANTED IN PART.** This decision exhausts the administrative remedies available to the appellant within CDCR.

Bates, William F77476
2002525
PAGE 2

## IV. REMEDY

The institution shall take appropriate action to address the alleged derogatory and racist comments made by staff.


T. Lee, Appeals Examiner
Office of Appeals
cc:  Warden
      Grievance Coordinator

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (Rev. 03/12)
Side 1

| 2002525 | | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|---|

F77476

FOR STAFF USE ONLY

SAC-A-A-03925  ⑦

You ma~~~ ~~~~~~~~~~ ~~~ Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Bates, William | F-77476 | N/A | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Staff complaint (Excessive use of force

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): On 9.12.19 Around 10:15am 10:30am on A-yard during scheduled yard a riot erupted with multiple inmates. I was approached

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): MONETARY DAMAGES

**Supporting Documents:** Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____    _____
_____    _____

☐ No, I have not attached any supporting documents. Reason : _____
_____
_____

Inmate/Parolee Signature: William Bates          Date Submitted: 9-17-19

☐ **By placing my initials in this box, I waive my right to receive an interview.**

REC BY OOA
FEB 18 2020

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached? ☑ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
    Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
    Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
    See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
            (Print Name)
Reviewer: _____ Title: _____ Signature: _____
            (Print Name)
Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ____ / ____ / ____ |

BYPASS

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____          Date Submitted : _____

**E. Second Level - Staff Use Only**                                  Staff – Check One: Is CDCR 602-A Attached?  ☒ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: _J. Hoosay_   Title: _CC1_   Date Assigned: _9/19/19_   Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.
                    Date of Interview: _OCT-BER 18, 2019_   Interview Location: _LWSP VIA TELEPHONE_
Your appeal issue is:  ☐ Granted   ☒ Granted in Part   ☐ Denied   ☐ Other: _____
                    See attached letter.  If dissatisfied with Second Level response, complete Section F below.
Interviewer: _____ (Print Name) Title: _LT._   Signature: _____   Date completed : _10/18/19_
Reviewer: _J. LYNCH_ (Print Name) Title: _W(A)_   Signature: _____

Date received by AC: _____

| AC Use Only |
| --- |
| Date mailed/delivered to appellant ____/____/____ |

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation,  P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

I object to the second level response insofar as the finding that staff did not violate cdcr policy is concerned. There was no significant effort made to investigate whether racial bias was a factor in the use of force nor was there an adequate explanation given for the failure to provide waist restraints

Inmate/Parolee Signature: _William Bates_                    Date Submitted: _10-13-19_

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted  ☒ Granted in Part  ☐ Denied  ☐ Other: _____
       See attached Third Level response.

| Third Level Use Only |
| --- |
| Date mailed/delivered to appellant MAY 2 0 2020 |

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____

_____   Inmate/Parolee Signature: _____   Date: _____
Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A  (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 1**

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

*Joo 2525*

SAC-A-19-03929
*FOR STAFF USE ONLY*

(7)

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Bates, William | F-77476 | A-5-108 | N/A |

**A.  Continuation of CDCR 602, Section A only (Explain your issue):** By two Sergeants
and several c/o<sup>s</sup> I do not know there names
Tell i recieve the report. Furthermore I told
the c/o<sup>s</sup> and th(SRGT) I was not involved
in the riot the officers disregarded my pain
in my shoulder and ignore my waist chain chrono
and told me to cuff up with regular hand
cuffs. The officer became hostile and
bias towards my request to honor my waist
chain chrono they c/o<sup>s</sup> proceeded to cuff
me up while I was calm and not aggressive
or resisting. The Sergeant slammed me into
the wall and head first to the ground
while making racist and derogatory comments.
I've been in excruiating pain in my shoulders.
Due to being target because I'm black
and a victim of excessive use of force
where I was slammed on the ground for know
proper reason. I'm seeking monetary damages and punitive fo

Inmate/Parolee Signature: _William Bates_   Date Submitted: 9-17-19

**B.  Continuation of CDCR 602, Section B only (Action requested):** _____

Inmate/Parolee Signature: _____   Date Submitted: _____

RECEIVED
2019 SEP 18 AM 10:07
IAB/OOA-SAC-APPEAL

STAFF USE ONLY

REC BY OOA
FEB 18 2020

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A   (REV. 03/12)                                                                                                                    **Side 2**

---

**D.  Continuation of CDCR 602,  Section D only (Dissatisfied with First Level response):** _____

BYPASS

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

**F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** or to verify whether or not the appellant had a comprehensive accomodation chrono requiring the use of waist restraints. Failure to comply with the attached cdcr 7410 and to use force based on racial bias amounts to staff misconduct.

**Inmate/Parolee Signature:** William Bates   **Date Submitted:** 10 – 13 –19

Template Date 4/4/2012
State of California

Attachment E-2

Department of Corrections and Rehabilitation

# Memorandum

CB-121

Date : October 18, 2019

To : Bates (F-77476)
Kern Valley State Prison (KVSP) Short Term Restricted Housing Unit
California State Prison - Sacramento

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SAC-A-19-03929 SECOND LEVEL RESPONSE**

**APPEAL ISSUE:** The appellant alleges on September 12, 2019, Sergeant C. Darling utilized excessive force when Sergeant Darling and Officer Condon and other responding staff refused to honor his waist chain chrono and forced him into regular handcuffs.

The appellant is requesting monetary damages.

**DETERMINATION OF ISSUE:** The appellant's allegation of staff misconduct has been reviewed by the Hiring Authority. As a result of that review, the appellant's appeal was referred for an appeal inquiry.

**SUMMARY FOR APPEAL INQUIRY:** The appellant was interviewed on October 18, 2019, by Lieutenant (Lt.) D. Hobart via telephone as the appellant is currently housed at Kern Valley State Prison. A review of the Test of Adult Basic Education (TABE) list reveals that the appellant has a TABE score of 1.9. The appellant's Developmental Disability Program code is NDD, indicating he does not require adaptive support services. The appellant is not assigned a Disability Placement Program code and there are no method of communication needs identified. Lt. Hobart noted the appellant spoke English and was able to answer questions related to this appeal during the interview where the appellant did not appear to have any difficulty communicating and did not display any misunderstanding of the appeal issues. The appellant restated the issues written in his appeal and also stated, "My waist chain chrono is in SOMS."

**An Appeal Inquiry has been conducted and reviewed by the Hiring Authority.** The following individuals were interviewed: Correctional Sergeant C. Darling and Correctional Officers D. Condon, B. Maloney and G. Stuhr. As a result of the appellant's staff misconduct allegation the following information was reviewed: the Inmate/Parolee Appeal form, the Rules Violation Report authored by Sergeant Darling dated September 12, 2019, the Crime/Incident Report (log# SAC-EOP-19-09-1079) and the Audio/Video Surveillance System.

Staff did not violate CDCR policy with respect to the issues raised.

Page 2

**FINDINGS:**

The appellant's appeal is PARTIALLY GRANTED in that:

-   An Appeal Inquiry into your allegation has been conducted.

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE**. As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or offender appellants. Although the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If the appellant wishes to appeal the decision, he must submit his staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review. Once a decision has been rendered at the Third Level, the appellant's administrative remedies will be considered exhausted.

Name___D. Hobart_____ Signature_____    __October 18, 2019__
        Interviewer                                                                                Date

Name___J. Lynch_____ Signature_____    __11/5/19_____
      Hiring Authority                                                                           Date

Appeal Log Number: <u>SAC-A-19-03929</u>

Name: BATES, WILLIAM C.    Case 2:21-cv-01613-WBS-KJN    Document 1    Filed 09/09/21    Page 14 of 21    CDC #: F77476    PID #: 11595930

ISSS003B    **Rules Violation Report**    Wednesday September 18, 2019 11:24:39 AM

Violation Date: 09/12/2019    Violation Time: 11:00:00
Facility Where Inmate Housed: SAC-Facility A
RVR Log #:
Rule Violation #: 3005(a)-[06]-Resisting Staff
Facility Where RVR Occurred: SAC-Facility A
Location: RVR - YARD
Watch: 2nd Watch    With STG Nexus: No
Lab Results ID Number:
Alleged behavior was bizarre or unusual for any inmate: No
Alleged behavior was uncharacteristic for this inmate: No

--- **Incident Parameters** ---
Related Incident Report #:    Violence: No

--- **Inmate Characteristics (on date of Violation)** ---
MH LOC: EOP    DDP Status: NDD
Inmate Housing Location: SAC-A - A  006 1 - 013001L    DPPV: None
Learning Disability:    TABE Reading: 01.9
Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences N/A
of the continued misconduct?:
Did the reporting employee take into consideration the severity of the inmate's disability and the need for N/A
adaptive support services when determining the method of discipline?:

RVR Status: Supervisor Approval Needed    As of Date: 09/15/2019

**Circumstances of Violation**

NARRATIVE: On Thursday, September 12, 2019, at approximately 1050 hours, while performing my duties as A Program Sergeant PSU, I heard a radio transmission via institutional radio that there were multiple inmates fighting in front of the A Facility Central Observation Tower on the A Facility main yard and a code 1 response was requested. I responded from the FA1 rotunda on the blacktop hard track in front of the A Facility Central Observation Tower. Once I arrived to the skirmish line, I assisted Sergeant Schroeder with cover contact teams and skirmish line organization. I then heard a radio transmission that an inmate with a blue shirt on his head sitting against the A Facility chapel wall was involved in the incident. I immediately went to the A Facility chapel wall where INMATE BATES F77476 (A6-113) was in a squatting position. I approached BATES with Officer Stuhr and Officer Maloney. As soon as we approached BATES, he stood up and began yelling, "I wasn't even involved! I didn't have nothing to do with it!" I then began effective communication methods as well as verbal persuasion with BATES. BATES was not receptive to any of my attempts of communication. I gave BATES a direct order to turn around, and put his hands behind his back to be handcuffed. BATES refused my order. BATES then put his hands out in front of him and said, "here, you can come cuff me like this." I again gave BATES a direct order to place his hands behind his back, but BATES refused. At this time BATES was in a bladed stance refusing to be handcuffed. In order to gain compliance with a lawful order and effect custody, I stepped forward and took control of BATES' right wrist with my right hand. At first it appeared that BATES was going to be compliant, but then BATES stiffened his right arm and was quickly moving to his right and left. At that time I was able to get my left hand on BATES' left wrist and attempt to use verbal persuasion again to get BATES to comply being handcuffed. At that time BATES turned quickly and violently to his right in my direction. At this time I was standing behind BATES, slightly to his right. In order to gain compliance with a lawful order, effect custody, and overcome his resistance, I utilized immediate physical force. I used my right hand to reach across the right side of BATES' upper torso and grasp his left shoulder area. I also placed my left hand under the left arm and grasped BATES' left shoulder area. Maintaining control of both grips, I used my upper body strength and body weight to pull BATES to my right and force BATES to the ground. BATES landed in a prone position. I landed on BATES' back in a prone position as well. While still maintaining my grasp on BATES, I moved my body to my right to allow responding officers to apply restraints. I transitioned to removing my complete body weight off of BATES and placed my left hand on his upper back and my right hand on his head. At that time BATES appeared to be still resistive by not allowing his hands to be placed behind his back. I used the minimal reliance of force on BATES at that time by just maintaining control

of his upper back and head at that time. I was not able to see what type of resistance was occurring with BATES' legs due to my focus on his upper torso and head. I did not observe who applied restraints to BATES due to my focus on maintaining control of his head and upper torso area. Once I heard an officer state that BATES was in handcuffs and legs restraints, I relinquished my control of BATES to responding officers. It appeared that BATES had stopped resisting after handcuffs and leg restraints were applied. I then immediately returned to the skirmish line to assist Sergeant Schroeder with the still existing incident on the yard with cover contact teams and skirmish line organization. This concludes my involvement in this incident.

PRNR# 72172

## Classification of Violation

Level: Serious
Referred To:

Offense Division: Division D
Felony Prosecution Likely:

Initial Copy Pre-Activity 6
Counter:

Hearing Pre-Activity Counter: 0

## Related Electronic Documents

| Type | Date | Title | Source | Nbr of Pages |
|------|------|-------|--------|--------------|
| No Rows Found | | | | |

## Actions Taken (1 - 1 of 1)

| Date | Time | Type | Staff | Assigned To | Elapsed Days |
|------|------|------|-------|-------------|--------------|
| 09/15/2019 | 08:32:08 | RVR Ready for Review by Supv. | Darling, Chad C [DACH016] | Bullard, Joshua [BUJO023] | 3 |

## Effective Communications

| Interaction Date | Interaction Time | Interaction Type |
|------------------|------------------|------------------|
| No Rows Found | | |

## Mental Health Assessment

| Completed Date | Completed Time |
|----------------|----------------|
| No Rows Found | |

## Related Standard Forms (1 - 1 of 1)

| Date Prepared | Time Prepared | Type of Form | Staff Prepared By | Awaiting Review By | Status |
|---------------|---------------|--------------|-------------------|--------------------|--------|
| 09/15/2019 | 08:32:08 | Rules Violation Report | Darling, Chad C [DACH016] | Bullard, Joshua [BUJO023] | Awaiting Review |

## Scanned Documents

| C-File Section Code | Document Type | Sub-Type | Document Date | Status |
|---------------------|---------------|----------|---------------|--------|
| No Rows Found | | | | |

| Prepare To Update | | Prior Page |
|---|---|---|

Name: BATES, WILLIAM C.

Case 2:21-cv-01613-WBS-KJN   Document 1   Filed 09/09/21   Page 16 of 21

CDC # : P77476   PID #: 11595930

ISSS003B

# **Rules Violation Report**

Wednesday September 18, 2019 11:25:42 AM

Violation Date: 09/12/2019                    Violation Time: 10:50:00
Facility Where Inmate Housed: SAC-Facility A
RVR Log #:
Rule Violation #: 3005(d)(3)-[05]-Participation in a riot
Facility Where RVR Occurred: SAC-Facility A
Location: RVR - YARD
Watch: 2nd Watch                    With STG Nexus: No
Lab Results ID Number:
Alleged behavior was bizarre or unusual for any inmate: No
Alleged behavior was uncharacteristic for this inmate: No

## Incident Parameters
Related Incident Report #: SAC-EOP-19-09-1079                    Violence: Yes
Violence Against: I/M Same Race                    In Cell Violence: No

## Inmate Characteristics (on date of Violation)
MH LOC: EOP                    DDP Status: NDD
Inmate Housing Location: SAC-A - A  006 1 - 013001L                    DPPV: None
Learning Disability:                    TABE Reading: 01.9
Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences N/A
of the continued misconduct?:
Did the reporting employee take into consideration the severity of the inmate's disability and the need for N/A
adaptive support services when determining the method of discipline?:

RVR Status: Supervisor Approval Needed                    As of Date: 09/13/2019

## Circumstances of Violation

On September 12, 2019 at approximately 1050 hours, multiple inmates began fighting on the A facility main yard, hard track in front of the observation tower. All involved inmates were later identified by state identification, video surveillance and SOMS as: WALLACE (AL3254, DAVENPORT (G26483), FULLER (V34164), THOMPSON (G11009), GREEN (F46081), POLEE (BC8117), SHAW (F62494), COLE (AX4811), GRAVES (G34497) and BATES (F77476). Officer L. Hammons began making an announcement via his institutional radio. Officer Hammons, Officer C. Earnshaw and I began to respond to the incident site. We arrived at the incident and began to form the skirmish line to the north of the incident giving multiple direct orders to the combatants to "get down" with negative results. The inmates continued to fight. While waiting for responding staff, Officer Earnshaw deployed a grenade at the feet of the combatants from approximately 15 feet away, detonating at their feet causing the inmates to move and separate. Two of the inmates moved to my right and continued to take an aggressive fighting stance towards each other. I gave them a direct order to "get down", they did not comply, to gain compliance with a lawful order and subdue the attackers I deployed a 1042 instantaneous blast grenade at their feet from approximately 15 feet away, detonating at their feet with positive results. All the involved inmates separated and began to prone out. I continued to support the skirmish line as responding staff arrived. When the scene was under control responding staff began restraining inmates. I provided direct coverage while multiple inmates were restrained and supported the skirmish line until all involved inmates were restrained and escorted from the yard. PERNR #5847

## Classification of Violation
Level: Serious                    Offense Division: Division D
Referred To:                    Felony Prosecution Likely:

Initial Copy Pre-Activity 6                    Hearing Pre-Activity Counter: 0
Counter:

**Related Electronic Documents**

| Type | Date | Title | Source | Nbr of Pages |
|------|------|-------|--------|--------------|
| | | | No Rows Found | |

**Actions Taken** (1 - 1 of 1)

| Date | Time | Type | Staff | Assigned To | Elapsed Days |
|------|------|------|-------|-------------|--------------|
| 09/13/2019 | 13:55:58 | RVR Ready for Review by Supv. | Schultze, Jeremy D [SCJE005] | Schroeder, Brian [SCBR009] | 1 |

**Effective Communications**

| Interaction Date | Interaction Time | Interaction Type |
|------------------|------------------|------------------|
| | No Rows Found | |

**Mental Health Assessment**

| Completed Date | Completed Time |
|----------------|----------------|
| | No Rows Found |

**Related Standard Forms** (1 - 1 of 1)

| Date Prepared | Time Prepared | Type of Form | Staff Prepared By | Awaiting Review By | Status |
|---------------|---------------|--------------|-------------------|--------------------|--------|
| 09/13/2019 | 13:55:58 | Rules Violation Report | Schultze, Jeremy D [SCJE005] | Schroeder, Brian [SCBR009] | Awaiting Review |

**Scanned Documents**

| C-File Section Code | Document Type | Sub-Type | Document Date | Status |
|---------------------|---------------|----------|---------------|--------|
| | | No Rows Found | | |

| Prepare To Update | | Prior Page |
|-------------------|---|------------|

Show Last Updated Information



# HEALTH CARE SERVICES

### Institutional Level Response

**Closing Date:** MAY 2 1 2021

**To:** BATES, WILLIAM (F77476)
A 005 1004001LP
California State Prison – Sacramento
P.O. Box 290001
Represa, CA 95671-0002

**Tracking #:** SAC HC 21000107

## RULES AND REGULATIONS
The rules governing these issues are: California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Disagreement with Treatment (Primary Care Provider) | You claim you have not been treated for your back injury. |
| Issue: | Medication ( Pain Management ) | Extreme pain in left (L) shoulder, which radiates to your arm and causes your arm to go numb. |

## INTERVIEW
Pursuant to California Code of Regulations, Title 15, Section 3999.228(f)(1), an interview was not conducted as you did not request one by initialing the appropriate box on the CDCR 602 HC, Health Care Grievance.

## INSTITUTIONAL LEVEL DISPOSITION

☐ No Intervention.     ☒ Intervention.

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION
Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed.

---

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

HEALTH CARE SERVICES

You were seen by the primary care provider (PCP) on May 5, 2021 and the PCP noted that you told the doctor that you still have the pain in your neck and upper extremity and you take 1 or 2 ibuprofen a day for the pain. You were approved for an Electromyography/ Nerve Conduction Velocity (EMG/NCV) and you were willing to proceed with the test. You will be scheduled for the testing and then for a follow up with your PCP once the results are returned. You were seen by the PCP on April 21, 2021 and the PCP ordered the EMG/NCV test to confirm radiculopathy. The PCP noted that you have significant central posterior discovertebral spurring causing compression of anterior cervical cord at C5-C6 from the CT 1/21/2021. You can continue to take Naprosyn for pain as it is not causing any gastrointestinal distress.

Due to the Centers for Disease Control and Prevention recommendation for social distancing during the COVID-19 pandemic, some signatures or other notations on the CDCR 602 HC, Health Care Grievance, may be missing. This does not indicate the health care grievance was not completely processed per California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5.

Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

Departmental resource allocation and availability issues, coupled with a high volume of health care grievances have on occasion resulted in backlogs. When these occur, best efforts are used to redirect necessary and available resources to deal with those backlogs and eliminate them.

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

_Manjula Bobbala_                                        5/17/2021

M. Bobbala, M.D.                                        Reviewed and Signed Date
Chief Medical Executive
California State Prison -- Sacramento

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

HEALTH CARE SERVICES

## ADA/Effective Communication Patient Summary

**As of:** 01/20/2021 09:55

## Patient Information

**NAME:** BATES, WILLIAM
**CDCR:** F77476

### Disability Placement Program

**Current DPP Code(s):**

**DPP Verification/Accommodation Date:** 07/23/19 10:22:23 PDT

**Current Housing Restrictions/Accomodations:**
* No Rooftop Work/Hazardous Restriction
* Lifting Restriction
* Special Cuffing
* Bottom Bunk
* Ground Floor- Limited Stairs

### Methods of Communication

**SLI:**

**Primary Method:**

**Secondary Method:**

**Interview Date:**

### Developmental Disability Program

**Current DDP Code:** NDD

**Effective Date:** 03/02/2017 12:07

**Adaptive Support Needs:**
* Behavior: Other: Provide extra time for IM to think through his response to orders, directives, or questions. Encourage IM to stop and think before he acts, especially when under stress/frustrated.
* Social Interactions: Other: Monitor inmate's interaction with other DDP inmates to ensure he is not victimizing/exploiting them.
* Communication: Other: Ensure his understanding of rules/procedures by using simple/basic explanations and

### Testing of Adult Basic Education (TABE)

**TABE Score:** 01.9

**TABE Date:** 02/06/2017 00:00

### Learning Disabilities

**Learning Disabilities:**

### English Proficiency

**LEP:** No

**Primary Language:** English

### Durable Medical Equipment

**Current ISSUED DME:** Foot Orthoses Permanent

### MHSDS

**MHLOC:** EOP

ask him to summarize/paraphrase what his
understanding is of your expectations.

* Activities of Daily Living: Other: Should inmate fail to
shower regularly, prompt or encourage him to do so.
Provide inmate with additional time to be
oriented/trained in new situations and jobs.

* Rules & Policies: Other: Inmate will require staff
assistance in committe & disciplinary hearings. Ensure his
understanding of the relevant issues by using
simple/basic explanations and aks him to
summarize/paraphrase what his understanding is at
points throughout.

* Reading & Writing: Other: Will require assistance in
reading, writing and preparing CDCR documentation.