1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM BATES,                             No.  2:21-cv-1613 KJN P

12                  Plaintiff,

13          v.                                   ORDER

14   CHAD DARLING, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

28   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

1  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

2  U.S.C. § 1915(b)(2).

3  Screening Standards

4       The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

26  are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

27  . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

28  (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

2

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Other Applicable Standards

The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  There is no respondeat superior liability under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983).  In other words, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  See Iqbal, 556 U.S. at 679.  Defendants can be sued only for injuries caused by their own actions and omissions, not the actions of those they supervise.  Taylor, 880 F.2d at 1045 (a supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations).  As to any cause of action, plaintiff must provide facts that show what each individual did or did not do that caused the deprivation of his rights. Johnson, 588 F.2d at 743.

Plaintiff's Complaint

Plaintiff alleges the following.  On September 12, 2019, while housed at California State Prison, Sacramento, Sergeant Darling used unnecessary and excessive force on plaintiff while using a racial epithet, and failed to protect plaintiff by ignoring plaintiff's claim that he had a waist chain chrono.  Defendant Condon also used racial comments while assisting Darling in

slamming plaintiff, then lied to cover up the racially-motivated attack.  Defendants Maloney and Stuhr observed the unnecessary use of force and heard the racial slurs.  Defendant Lee failed to protect plaintiff by allowing staff to use illegal force, and Warden Lynch condoned it; if Lee and Lynch did their job, illegal force would not be used.

Further, defendant Hobart did not properly investigate plaintiff's 602 appeal, thereby Hobart caused plaintiff pain and suffering.  Unnamed Doe defendants and defendants Hobart and Bullard threatened plaintiff.

Plaintiff seeks money damages.[1]

Discussion

Eighth Amendment Claims

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim against defendants C. Darling, D. Condon, B. Maloney and G. Stuhr for the alleged Eighth Amendment violations.  See 28 U.S.C. § 1915A.

Remaining Claims

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the remaining defendants Lynch, Lee, Hobart, and Bullard.  The claims against those defendants are hereby dismissed with leave to amend.

Defendants Involved in Appeals Process

Plaintiff alleges that defendant Hobart failed to properly investigate plaintiff's appeal, and that defendant Lee failed to protect plaintiff by allowing staff to use illegal force.[2]

Defendants' actions in responding to plaintiff's appeals, alone, cannot give rise to any

---

[1]  In the alternative, plaintiff seeks early release from prison.  However, plaintiff may not obtain release from prison through a civil rights action.  Rather, plaintiff may only obtain release by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).

[2]  With his complaint, plaintiff provided a copy of a decision on plaintiff's appeal, rendered by defendant Lee, identified as an appeals examiner with the Office of Appeals.  (ECF No. 1 at 7.) Thus, it is clear that defendant T. Lee's involvement was limited to addressing plaintiff's appeal. Exhibits appended to a complaint are a part thereof for all purposes.  See Fed. R. Civ. P. 10(c).

claims for relief under section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.  Buckley, 997 F.2d at 495.

Because plaintiff has no liberty interest or substantive right in inmate appeals, plaintiff fails to state a cognizable claim for the investigating or reviewing of his inmate appeals by defendants Lee and Hobart.  To the extent plaintiff attempted to raise an Eighth Amendment failure to protect claim against defendant Lee, such effort fails because Lee's involvement in the administrative appeals process took place after the alleged use of force occurred.  Moreover, because defendant Lee works in the appeals office, it is unlikely he would be in a position to protect plaintiff in any event.

Verbal Harassment

Plaintiff names doe defendants in his complaint, alleging that they made verbal threats against plaintiff, and also claims defendants Hobart and Bullard threatened him.

The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

////

////

5

Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Even verbal threats, without more, do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Therefore, plaintiff's claims against the Doe defendants and defendants Hobart and Bullard are also dismissed.

First Amendment - Retaliation

Plaintiff adds the word "Retaliation" at the top of his claim alleging that defendant Bullard verbally harassed plaintiff.

 "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

As noted above, verbal harassment does not state a cognizable civil rights claim.  Plaintiff fails to set forth specific facts addressing all of the elements required to state a cognizable retaliation claim.  Based on the facts provided, plaintiff does not state a cognizable retaliation claim.

Respondeat Superior

Finally, plaintiff contends that defendant Lynch condoned the use of force, and if he did his job, such illegal force would not be used.

As discussed above, the causal link between a defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

1    Here, plaintiff alleges no facts connecting defendant Lynch to the use of force incident or

2   demonstrating defendant Lynch's awareness.  Rather, it appears plaintiff named Lynch as a

3   defendant based solely on his role as warden.  Plaintiff's claims against defendant Lynch fail to

4   state a cognizable civil rights claim.

5   Plaintiff's Options

6    Plaintiff may proceed forthwith to serve defendants C. Darling, D. Condon, B. Maloney

7   and G. Stuhr and pursue his claims against only those defendants or plaintiff may delay serving

8   any defendant and attempt to state a cognizable claim against the remaining defendants.

9    If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the

10   remaining defendants, he has thirty days so to do.  He is not obligated to amend his complaint.

11    If plaintiff elects to proceed forthwith against defendants C. Darling, D. Condon, B.

12   Maloney and G. Stuhr, against whom he stated a cognizable claim for relief, then within thirty

13   days he must complete and return the notice of election form, advising of such election.  In this

14   event the court will construe plaintiff's election as consent to dismissal of all claims against the

15   remaining defendants without prejudice.

16    Plaintiff is advised that in an amended complaint he must clearly identify each defendant

17   and the action that defendant took that violated his constitutional rights.  The court is not required

18   to review exhibits to determine what plaintiff's charging allegations are as to each named

19   defendant.  The charging allegations must be set forth in the amended complaint so defendants

20   have fair notice of the claims plaintiff is presenting.

21    Any amended complaint must show the federal court has jurisdiction, the action is brought

22   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

23   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

24   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

25   Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

26   he does an act, participates in another's act or omits to perform an act he is legally required to do

27   that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he

28   must identify the participants and allege their agreement to deprive him of a specific federal

1  constitutional right.

2        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

3  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

4  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

5  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

6        A district court must construe a pro se pleading "liberally" to determine if it states a claim

7  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

8  opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

9  not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

10  conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp., 550

11  U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim

12  to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550

13  U.S. at 570).

14  
15          A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility
16          standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
17          defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
18  

19  Iqbal, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can

20  provide the framework of a complaint, they must be supported by factual allegations, and are not

21  entitled to the assumption of truth.  Id. at 1950.

22        An amended complaint must be complete in itself without reference to any prior pleading.

23  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

24  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

25  existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

26  pleading is superseded.

27  ////

28  ////

8

1     Motion for Counsel

2         Plaintiff requests that the court appoint counsel.  District courts lack authority to require

3    counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

4    Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

5    to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

6    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

7    When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

8    likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

9    se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

10    (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

11    burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

12    common to most prisoners, such as lack of legal education and limited law library access, do not

13    establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

14         Having considered the factors under Palmer, the court finds that plaintiff failed to meet his

15    burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

16    time.

17         Accordingly, IT IS HEREBY ORDERED that:

18      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22    Director of the California Department of Corrections and Rehabilitation filed concurrently

23    herewith.

24      3.  Claims against defendants J. Lynch, T. Lee, D. Hobart, and J. Bullard are dismissed

25    with leave to amend.  Within thirty days of service of this order, plaintiff may amend his

26    complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged

27    to amend his complaint.

28    ////

4.  The allegations in the pleading are sufficient to state a potentially cognizable claim against defendants C. Darling, D. Condon, B. Maloney and G. Stuhr.  See 28 U.S.C. § 1915A.  If plaintiff elects to proceed forthwith as to such defendants, the court will issue an order to the U.S. Marshal to execute service of process pursuant to Fed. R. Civ. P. 4.  Defendants C. Darling, D. Condon, B. Maloney and G. Stuhr will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Lynch, T. Lee, D. Hobart, and J. Bullard without prejudice.

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

6.  Plaintiff's motion for the appointment of counsel (ECF No. 6) is denied without prejudice.

Dated:  January 18, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bate1613.14o

10

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM BATES,                              No.  2:21-cv-1613 KJN P

12                Plaintiff,

13        v.                                     NOTICE OF ELECTION

14   CHAD DARLING, et al.,

15                Defendants.

16

17        Plaintiff elects the following in response to the court's January 2022 order:

18        _____ Plaintiff chooses to proceed solely as to his Eighth Amendment claims against

19   defendants C. Darling, D. Condon, B. Maloney and G. Stuhr.

20        _____ Plaintiff consents to the dismissal of defendants J. Lynch, T. Lee, D. Hobart, and

21   J. Bullard without prejudice.

22        OR

23        _____ Plaintiff opts to file an amended complaint and delay service of process.

24   DATED:

25                                          _____

26                                          Plaintiff

27

28